

**FILED**

**COSÌ, INC.**
500 Rutherford Avenue, Ste. 130
Charlestown, MA 02129
Website: www.getcosi.com

2018 DEC 14 AM 11:01

U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

December 13, 2018

| VIA OVERNIGHT FEDEX DELIVERY | COPIES VIA EMAIL |
|---|---|
| Clerk of the Court<br>United States Bankruptcy Court<br>For the District of Delaware<br>824 Market Street N., 3rd Floor<br>Wilmington, DE  19801<br>[Tel:  302-252-2900] | M. Claire McCudden, Esquire<br>Law Office of Susan E. Kaufman, LLC<br>919 North Market Street, Suite 460<br>Wilmington, DE  19801<br>Ph: 302-472-7420 | Facsimile: 302-792-7420<br>cmccudden@skaufmanlaw.com<br>Counsel to the Trustee<br><br>Michael Lichtenstein, Esquire<br>Shulman Rogers<br>12505 Park Potomac Avenue, 6th Floor<br>Potomac, MD 20854<br>Ph: (301) 230-5231 | Facsimile: (301) 230-2891<br>MLichtenstein@shulmanrogers.com<br>Counsel to Casey Patten |

Re:     **NOTICE OF COMPETING BID RELATING TO DOC. NO. 30**
        Case Name:          **Taylor Gourmet MGMT LLC, *et al.***
        Case Number:       **18-12164 (KG) (Jointly Administered)**
        Doc. No.:                 **30**

**To the Clerk of Court:**

Pursuant to the Bid Procedures set forth in the Motion of Chapter 7 Trustee to Approve Sale of Certain Assets of Debtor and For Approval of Related Procedures (the "Motion"), attached is a competing bid for Certain Assets of Debtor, in the form of the Asset Purchase Agreement that was attached to the Motion.

There were no changes to the terms and conditions of the Asset Purchase Agreement. The buyer under the competing bid is Cosi, Inc., and the buyer's principals are AB Value Partners, L.P., AB Opportunity Fund, LLC, and AB Value Management, LLC. Copies have been sent to Counsel to the Trustee and Counsel to Casey Patten, in accordance with the Bid Procedures.

If you have any questions or require additional information, please let me know. My direct number is 312-310-1336.

Very truly yours,
COSI, INC.

*Vicki Baue*

Vicki Baue,
VP & General Counsel

## ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (the "Agreement") is entered into on this _____ day of _____, 2018 (the "Execution Date"), by and between Jeoffrey L. Burtch, in his capacity as the Chapter 7 trustee ("Seller") for the bankruptcy estates of debtors Taylor Gourmet MGMT, LLC et al.[1], (the "Debtors"), and Cosi, Inc., a Delaware corporation ("Buyer").

WITNESSETH:

WHEREAS, on September 27, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ et seq., as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court");

WHEREAS, on or about the Petition Date, Seller was appointed by the Office of the United Sates Trustee to serve as the Interim Chapter 7 Trustee for the estates of the Debtors and is now serving as Trustee pursuant to section 7.02(d) of the Bankruptcy Code; and

WHEREAS, Buyer desires to purchase from Seller, and Seller desires to sell, transfer and assign to Buyer, three trademarks and a customer email list, as further set forth herein upon the terms and subject to the conditions set forth in this Agreement and subject to approval of the Court;

NOW, THEFORE, in consideration of the mutual promises, covenants and agreements set forth herein, the parties agree as follows:

1. **Transfer of the Assets.**  Subject to the terms and conditions set forth in this Agreement and subject to entry of the Final Order (as hereinafter defined), as of the Closing (as hereinafter defined) on the Closing Date (as hereinafter defined), Seller agrees to sell, convey, assign and transfer to Buyer, and Buyer agrees to purchase, accept and take from Seller, all of Debtors' right, title and interest in and to the assets set forth on Schedule 1 to the Bill of Sale and assignment and attached hereto as Exhibit A (collectively, the "Assets") free and clear of all mortgages, liens, pledges, charges, leases, security interests, encumbrances or other adverse claims of any kind, or other contracts to give any of the foregoing (collectively, the "Liens"), but otherwise on an "as is, where is" basis, to have and to hold the Assets unto Buyer, its successors and assigns, forever, and Seller delegates to Buyer all of its duties and responsibilities under the

---

[1] The Debtors in these chapter 7 cases, along with each Debtor's bankruptcy case number, are Taylor Gourmet LLC; Case No. 18-12143 (KG); East Coast Mgmt LLC; Case No. 18-12144 (KG); Taylor Gourmet 1 N Dearborn LLC; Case No. 18-12145 (KG); Taylor Gourmet 1001 Penn Ave LLC; Case No. 18-12146 (KG); Taylor Gourmet 1116 H LLC; Case No. 18-12147 (KG); Taylor Gourmet 1150 Connecticut LLC; Case No. 18-12148 (KG); Taylor Gourmet 1200 19th LLC; Case No. 18-12149 (KG); Taylor Gourmet 1401 K LLC; Case No. 18-12150 (KG); Taylor Gourmet 1750 Pennsylvania LLC; Case No. 18-12151 (KG); Taylor Gourmet 1910 14th LLC; Case No. 18-12152 (KG); Taylor Gourmet 2200 Crystal LLC; Case No. 18-12153 (KG); Taylor Gourmet 4000 Wilson LLC; Case No. 18-12154 (KG); Taylor Gourmet 485 K LLC; Case No. 18-12155 (KG); Taylor Gourmet 624 E LLC; Case No. 18-12156 (KG); Taylor Gourmet 7280 Woodmont LLC; Case No. 18-12157 (KG); Taylor Gourmet 8535 Fenton LLC; Case No. 18-12158 (KG); Taylor Gourmet 888 17th LLC; Case No. 18-12159 (KG); Taylor Gourmet Ballpark LLC; Case No. 18-12160 (KG); Taylor Gourmet Boro LLC; Case No. 18-12161 (KG); Taylor Gourmet Merrifeld LLC; Case No. 18-12162 (KG); 1418 14th LLC; Case No. 18-12163 (KG); Taylor Gourmet Mgmt LLC; Case No. 18-12164 (KG); Taylor Gourmet N Morgan Street LLC; Case No. 18-12165 (KG); Taylor Gourmet Pike & Rose LLC; Case No. 18-12166 (KG); Taylor Gourmet Wharf LLC; Case No. 18-12167 (KG); Taylor Gourmet Willis Tower LLC; Case No. 18-12168 (KG).

Assets performable on or after the effective date of the Bill of Sale and Assignment, but not those performable prior to the effective date of the Bill of Sale and Assignment.

2.  **Purchase Price.** The purchase price for the Assets (the "Purchase Price") shall be FIFTY THOUSAND AND 00/100 US DOLLARS (US $50,000.00), which shall be paid at the Closing by Buyer to Seller by certified check or wire transfer.

3.  **Closing.** The consummation of the transactions contemplated by this Agreement (the "Closing") shall take place on the date that is one (1) business day following entry of the Final Order (the "Closing Date"), at the office of the Chapter 7 Trustee, or at such other place as the parties shall agree in writing. Buyer shall obtain title to the Assets at the Closing and shall promptly thereafter take possession of the Asset.

4.  **Closing Deliveries.** At the Closing, the parties agree to execute and deliver the following: Seller shall convey to Buyer all of Debtor's right, title and interest in and to the Assets, free and clear of all Liens, and, in furtherance thereof, Seller shall deliver to Buyer (i) a duly executed copy of this Agreement, (ii) a duly executed General Assignment and Bill of Sale to be prepared by Buyer in customary form for transactions of this type, (iii) a duly executed Assumption and Assignment Agreement to be prepared by Buyer in customary form for transactions of this type (the "Assumption and Assignment Agreement"), and (iv) such other consents, certificates of title, documents and other instruments of transfer and conveyance Buyer may reasonably request and to be prepared by Buyer.

5.  **Motion for Bankruptcy Court Approval of Agreement.** Within three (3) business days after the Execution Date, Seller shall file with the Court a motion (the "Motion") to approve this Agreement pursuant to Section 363 of the Bankruptcy Code, subject to higher or better offers being made by a date reasonably in advance of the hearing scheduled for consideration of the Motion (the "Sale Hearing").

6.  **Final Order.** The Agreement is and shall be expressly subject to the approval by the Court under Section 363(m) of the Bankruptcy Code, and if for any reason whatsoever such approval is not obtained then this Agreement shall be null and void and of no further force and effect. In order for this Agreement to have been approved, the Court shall have entered a final, non-appealable order approving the transactions provided for in this Agreement (the "Final Order"), which order shall be in form and substance consistent with this Agreement and reasonably acceptable to the parties hereto, and the Final Order shall not have been reversed, stayed, modified or amended in any material respect prior to the Closing Date. Without limiting the foregoing, the Final Order shall expressly (a) authorize and direct Seller to perform its obligations under this Agreement and to take or cause to be taken all such actions, and to execute and deliver all such documents and instruments, as are necessary to consummate the transactions contemplated by this Agreement in accordance with the terms hereof; (b) approve the terms and conditions of this Agreement, including the sale and assignment of the Assets pursuant to Section 363 of the Bankruptcy Code; (c) find that Buyer shall be entitled to the protections afforded a "good faith" purchaser pursuant to Section 363(m) of Bankruptcy Code; (d) provide that the sale, transfer and assignment of the Assets shall be free and clear of claims, interests, liens and encumbrances to the fullest extent possible under the Bankruptcy Code and that all such claims, interests, liens and encumbrances shall attach to the proceeds of sale received by Seller pursuant to this Agreement; and (e) contain a finding that the notice with respect to the Motion and Sale Hearing was proper, timely, adequate and sufficient notice of the Motion and Sale Hearing under the circumstances.

7. **Governing Law.** This Agreement shall be governed in accordance with and by the laws of the State of Delaware without giving effect to the principles of choice or conflict laws thereof. Each of the parties hereto irrevocably agrees that any legal action or proceeding with respect to this Agreement or the transactions contemplated hereby, or for recognition and enforcement of any judgment in respect thereof, brought by any of the other parties hereto or any of their successors or assigns shall be brought and determined in the Court and each party hereto irrevocably submits with respect to any such action or such proceeding for itself and in respect of its property, generally and unconditionally, to the exclusive jurisdiction of the Court.

8. **Miscellaneous.** This Agreement constitutes the sole understanding of the parties hereto with respect to the subject matter hereof and supersedes any and all prior agreements, written or oral, that may exist between the parties with respect thereto. The terms, conditions and obligations of this Agreement shall insure to the benefit of and be binding upon the parties hereto and their respective successors and assigns. Each party shall pay all costs and expense incurred by it or on its behalf in connection with this Agreement and the transactions contemplated hereby. This Agreement may be executed in counterparts, each of which shall for all purposes be deemed to be an original and all of which shall constitute the same instrument. This Agreement may be executed by facsimile or other electronic transmission. If any term or other provision of this Agreement is invalid, illegal or incapable of being enforced by any law or public policy, all other terms or provisions of this Agreement shall nevertheless remain in full force and effect so long as the economic or legal substance of the transactions contemplated hereby is not affected in any manner materially adverse to any party. The parties have jointly participated in the negotiation and drafting of this Agreement. In the event any question of intent or interpretation arises, this Agreement shall be construed as if drafted by all parties. If any action is brought by any party or parties to enforce any provisions of this Agreement, the prevailing party or parties shall be entitled to recover their court costs and reasonable attorney fees from the unsuccessful party or parties.

**IN WITNESS WHEREOF**, each of the parties hereto has caused this Agreement to be duly executed on its behalf as of the date indicated on the first page hereof.

SELLER:

_____
JEFFREY I. BURTCH
Trustee for the bankruptcy estates of Taylor Gourmet MGMT, LLC, *et al.*

BUYER:

COSI, INC.

By: *Vicki Baue*
Name: Vicki Baue
Title: Vice President

**EXHIBIT A to Asset Purchase Agreement**

**ASSETS**

(1) Trademark Serial No. 87-222,35 "Sandwich Man Design"
(2) Trademark Serial No. 87-222,543 "Taylor Gourmet (and Circle Design)"
(3) Trademark Serial No. 87-209,560 "Taylor Gourmet"
(4) Customer Email Lists