**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Taylor Gourmet MGMT LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 18-12164 (KG)<br><br>(Jointly Administered)<br><br>**Related Docket No. 30** |

**CI/MBC-DC METRO, LLC'S OBJECTION TO MOTION OF CHAPTER 7 TRUSTEE TO APPROVE SALE OF CERTAIN ASSETS OF DEBTOR AND FOR APPROVAL OF RELATED PROCEDURES**

CI/MBC-DC Metro, LLC ("**CI/MBC-DC**") files this objection to the Motion to Approve Sale of Certain Assets of Debtor and for Approval of Related Procedures [ECF No. 30] (the "**Sale Motion**") filed by Jeoffrey L. Burtch, in his capacity as chapter 7 Trustee (the "**Trustee**") of the estates of Taylor Gourmet MGMT LLC and its related debtor entities (the "**Debtors**"), and states:

**PRELIMINARY STATEMENT**

1. CI/MBC-DC and Debtor East Coast Management are parties to that certain License Agreement dated January 7, 2015 for the use of trademarks in connection with a food and beverage location known as "Taylor" in Space BC-20B in the Ronald Reagan Washington National Airport.

---

[1] The Debtors in these chapter 7 cases, along with each Debtor's bankruptcy case number, are Taylor Gourmet LLC; Case No. 18-12143 (KG); East Coast Mgmt LLC; Case No. 18-12144 (KG); Taylor Gourmet 1 N Dearborn LLC; Case No. 18-12145 (KG); Taylor Gourmet 1001 Penn Ave LLC; Case No. 18-12146 (KG); Taylor Gourmet 1116 H LLC; Case No. 18-12147 (KG); Taylor Gourmet 1150; Connecticut LLC; Case No. 18-12148 (KG); Taylor Gourmet 1200 19th LLC; Case No. 18-12149 (KG); Taylor Gourmet 1401 K LLC; Case No. 18-12150 (KG); Taylor Gourmet 1750 Pennsylvania LLC; Case No. 18-12151 (KG); Taylor Gourmet 1910 14th LLC; Case No. 18-12152 (KG); Taylor Gourmet 2200 Crystal LLC; Case No. 18-12153 (KG); Taylor Gourmet 4000 Wilson LLC; Case No. 18-12154 (KG); Taylor Gourmet 485 K LLC; Case No. 18-12155 (KG); Taylor Gourmet 624 E LLC; Case No. 18-12156 (KG); Taylor Gourmet 7280 Woodmont LLC; Case No. 18-12157 (KG); Taylor Gourmet 8535 Fenton LLC; Case No. 18-12158 (KG); Taylor Gourmet 888 17th LLC; Case No. 18-12159 (KG); Taylor Gourmet Ballpark LLC; Case No. 18-12160 (KG); Taylor Gourmet Boro LLC; Case No. 18-12161 (KG); Taylor Gourmet Merrifield LLC; Case No. 18-12162 (KG); 1418 14th LLC; Case No. 18-12163 (KG); Taylor Gourmet Mgmt LLC; Case No. 18-12164 (KG); Taylor Gourmet N Morgan Street LLC; Case No. 18-12165 (KG); Taylor Gourmet Pike & Rose LLC; Case No. 18-12166 (KG); Taylor Gourmet Wharf LLC; Case No. 18-12167 (KG); Taylor Gourmet Willis Tower LLC; Case No. 18-12168 (KG).

2. By design or through inadvertence, nothing in the Sale Motion, the proposed Asset Purchase Agreement, or related notices describes the impact that the proposed sale will have on CI/MBC-DC's rights and interest under the License Agreement. This is true despite the fact that the License Agreement secures an exclusive, non-transferable, non-sublicensable license to use the Taylor Marks. And that CI/MBC-DC does not consent to the transfer of any rights or interest under the License Agreement.

3. Consequently, CI/MBC-DC objects to any transfer of the Taylor Marks (defined below) pursuant to Section 363(f) of the Bankruptcy Code unless such transfer is conditioned upon CI/MBC-DC's right to continue using the Taylor Marks under the License Agreement as recognized and preserved under Section 365(n) of the Bankruptcy Code.

## BACKGROUND

4. On September 27, 2018, the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code (the "**Petition Date**").

5. On or about September 29, 2018, Jeoffrey L. Burtch was appointed as interim trustee, pursuant to Section 701 of the Bankruptcy Code and now serves as Trustee pursuant to Section 702(d).

6. On October 31, 2018, the Trustee filed his Motion Pursuant to 11 U.S.C. §§ 105(a) and 365(a) to Reject Unexpired Non-Residential Real Property Leases [ECF No. 12]. That Motion was granted by this Court's Order dated November 16, 2018 [ECF No. 25]. No motions to reject executory contracts have been filed and therefore, such contracts are deemed rejected pursuant to Section 365(d)(1).

7. On November 20, 2018, the Trustee filed his Motion to Approve Sale of Certain Assets of Debtor and for Approval of Related Procedures [ECF No. 30], seeking this Court's

authorization to sell the Debtors' interest in certain trademarks and an email customer list, pursuant to the Asset Purchase Agreement dated November 19, 2018 (attached to the Sale Motion as Exhibit A).

8. On January 7, 2015, CI/MBC-DC entered into a License Agreement with East Coast Management to secure a license to use trademarks in connection with a food and beverage location known as "Taylor" (the "**Taylor Marks**") in Space BC-20B in the Ronald Reagan Washington National Airport. Under the terms of the License Agreement, East Coast Management granted CI/MBC-DC an exclusive, non-transferable, non-sublicensable license to use the Taylor Marks. A true and correct copy of the License Agreement is attached hereto as **Exhibit A.**

## ARGUMENT

9. By way of the Sale Motion, the Trustee seeks this Court's approval of the sale of the Debtors' interest in certain trademarks and an email customer list, pursuant to the Asset Purchase Agreement dated November 19, 2018.

10. CI/MBC-DC objects to the sale and transfer of the Taylor Marks to any potential purchaser free and clear of CI/MBC-DC's license in and to the Taylor Marks. Rather, any sale or transfer of the Taylor Marks should be expressly conditioned upon CI/MBC-DC's right to continue using the Taylor Marks under the License Agreement.

11. Section 365(n) provides that a licensee of intellectual property under a contract, such as CI/MBC-DC, that is rejected may elect to retain its rights to such intellectual property as follows:

> If the trustee rejects an executory contract under which the debtor is a licensor of a right to intellectual property, the licensee under such contract may elect-
>
> (B) to retain its rights (including a right to enforce any exclusivity provision of such contract, but excluding any other right under applicable nonbankruptcy law to specific performance of such contract) under such contract and any agreement

>   supplementary to such contract, to such intellectual property (including any embodiment of such intellectual property to the extent protected by applicable nonbankruptcy law), as such rights existed immediately before the case commenced for
>
>   (i)  the duration of such contract; and
>
>   (ii) any period for which such contract may be extended by the licensee as of right under applicable nonbankruptcy law.

11 U.S.C. § 365(n).

12. In fact, a review of the legislative history reveals that Section 365(n) was designed to "make clear that the rights of an intellectual property licensee to use the licensed property cannot be unilaterally cut off as a result of the rejection of the license pursuant to [§]365." S. Rep. No. 100-505, at 3200; *See Id.* at 3201-3202 (explaining that Congress never anticipated that the licensee would lose not only any future affirmative performance required of the licensor under the license, but also any right of the licensee to continue to use the intellectual property as originally agreed in the license agreement). *See In re Exide Technologies*, 607 F. 3d 957, 967 (3d Cir. 2010) (holding that courts may use Section 365 to free a bankrupt trademark licensor from burdensome duties that hinder its reorganization and should not use it to let a licensor take back trademark rights it bargained away); *In re Sima Int'l*, 2018 WL 2293705 (Bankr. D. Conn. May 17, 2018) (holding that in the event that a bankrupt licensor rejects an intellectual property license, Section 365(n) would now explicitly allow a licensee to retain its licensed rights for the contract's duration, as such rights existed immediately prior to the bankruptcy).

13. Moreover, Section 363(e) provides that if an entity has an interest in property to be sold pursuant to Section 363(f), then the court shall condition such sale to provide adequate protection to that interest as follows:

> On request of an entity that has an interest in property used, sold or leased or proposed to be used, sold or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e).

14. As set forth above, CI/MBC-DC holds an interest in the Taylor Marks pursuant to its contractual rights under the License Agreement and has the right under Section 365(n) to continue using the intellectual property of the Debtors under the License Agreement. The full consideration for CI/MBC-DC's perpetual license in the Taylor Marks granted under the License Agreement has already been satisfied. Under Section 363(e), the Court may order that to the extent any of the Taylor Marks are transferred pursuant to a proposed sale, the Taylor Marks are subject to the rights held by CI/MBC-DC as a licensee under the License Agreement.

15. Accordingly, CI/MBC-DC objects to the sale or transfer any Taylor Marks under Section 363(f), unless such transfer is conditioned upon CI/MBC-DC's right to continue using the Taylor Marks under the License Agreement as recognized and preserved under Section 365(n).

## **RESERVATION OF RIGHTS**

16. CI/MBC-DC reserves all rights to: (i) assert setoff or recoupment rights as to any license fees; (ii) assert claims or causes of action against third parties including, without limitation, the buyer to enforce its rights and interests under the License Agreement and applicable law; (iii) raise any and all objections (including those set forth herein) to the proposed sale at any hearing thereon; and (iv) respond to, object to, or join in any objection or argument made by any person or entity relating to the Sale Motion.

**CONCLUSION**

For these reasons, CI/MBC-DC objects to the Trustee's proposed sale of the Sale Motion and the Notices, and further objects to the transfer of the Taylor Marks unless such transfer is conditioned upon the preservation of CI/MBC-DC's rights under the License Agreement.

**WHEREFORE**, CI/MBC-DC respectfully requests the issuance of an Order: (i) sustaining this Objection; (ii) denying the Trustee's Sale Motion; and (iii) granting such other relief this Court deems just and proper under the circumstances.

Dated:  December 14, 2018
       Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

  /s/ William E. Chipman, Jr.
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:  (302) 295-0191
Facsimile:  (302) 295-0199
Email: chipman@chipmanbrown.com
      olivere@chipmanbrown.com

– and –

Luis Salazar*
Florida Bar No. 147788
Celi S. Aguilar*
Florida Bar No. 117589
**SALAZAR LAW**
2000 Ponce de Leon Boulevard, Penthouse Suite
Coral Gables, Florida  33134
Telephone: (305) 374-4848
Facsimile:   (305) 397-1021
Email:  Luis@Salazar.Law
Email: Aguilar@Salazar.Law

*Counsel for CI/MBC-DC Metro, LLC*

*\* Pro Hac Vice Admission Pending*